UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH SMITH,

    *Plaintiff*,

v.

MURIEL BOWSER *et al.*,

    *Defendants.*

No. 21-cv-878 (DLF)

## MEMORANDUM OPINION

Joseph Smith brings this action pro se under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, alleging that he is the victim of deliberate indifference to medical need by the District of Columbia Department of Corrections and that two of its guards have taken retaliatory actions against him. *See* Compl. at 3, Dkt. 1. Before the Court are (1) the government's motion to substitute itself as a defendant, Dkt. 30; (2) three motions to dismiss for failure to state a claim and for lack of subject matter jurisdiction, Dkts. 23, 30, 36; and (3) the plaintiff's motions for various forms of injunctive relief, Dkts. 16, 17, 18, 23. For the reasons that follow, the Court will grant the government's motion to substitute itself as a defendant, grant all motions to dismiss, and deny as moot the plaintiff's motions for injunctive relief.

**I.    BACKGROUND**

Smith alleges that while incarcerated by the District of Columbia, he was denied a surgery that a previous doctor had ordered on his right shoulder rotator cuff; denied necessary medical accessories such as orthopedic shoes and insoles, glasses, and a knee brace; and given the wrong

medication for pain, which caused "severe chronic pain and dizziness."[1]  Compl. at 4–5.  Smith says he now suffers "more severe" and continuous "pain and discomfort" because of these alleged actions from May 2019 to the present.  *Id.*

Smith additionally alleges he has been harassed by two officers, Lt. Saunders and Sgt. Franklin, who Smith says have retaliated against him for filing complaints about his medical care.  Mot. to Amend Ex. 18 at 2, Dkt. 15-1.  According to Smith, Franklin made a comment about Smith being afraid of other inmates, intending for him to overhear it in a show of intimidation.  *Id.* at 3.  Smith alleges that Franklin and Saunders control the conduct of other inmates and officers and are a danger to everyone in the facility.  *Id.* at 4-5.  Smith also says that he was wrongly barred from a specific room during his recreation time as a retaliatory measure, and that an officer violated the facility's face mask policy and risked the spread of COVID-19.  *See* Informal Grievance Form at 1, 3, Dkt. 23-1.

Smith brings claims against District of Columbia Mayor Muriel Bowser in her official capacity, the Mayor's Executive Office of Risk Management, and warden Lennard Johnson.  He also names as defendants two employees of inmate medical provider Unity Medical, Dr. Eleni O'Donovan and grievance coordinator Traci Outlaw.  He brings suit for damages, Compl. at 5, and also for various forms of injunctive relief, asking (1) to be sent to Walter Reed hospital for his shoulder surgery, Mot. for Order for Surgery, Dkt. 17; Letter, Dkt. 18; (2) for chronic pain medication, Mot. to Order Chronic Pain Medications, Dkt. 16; and (3) for orthopedic tennis shoes and quarter-inch insoles, Mot. for Orthopedic Tennis Shoes, Dkt. 23.  In addition to those motions,

---

[1] On a Rule 12(b)(6) motion, the Court assumes the truth of material factual allegations in the complaint.  *See Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).  The Court construes the plaintiff's additional submissions containing factual allegations, Mot. to Amend, Dkt. 15, and Mot. for Order, Dkt. 23, as supplemental allegations to be considered alongside the original complaint.

before the Court are the United States's motion to replace O'Donovan as a defendant and to dismiss, United States's Mot. to Sub. and to Dismiss, Dkt. 30, Bowser's Motion to Dismiss, Dkt. 21, and Outlaw's Motion to Dismiss, Dkt. 36.  In the time since the complaint was filed, Smith has been moved from the District of Columbia Department of Corrections to a Nevada facility and is currently in a facility in Tucson, Arizona.  *See* Letter from Joseph Smith, Dkt. 28; Not. of Change of Address, Dkt. 40.

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This standard does not amount to a specific probability requirement, but it does require "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  A complaint alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  Well-pleaded factual allegations are "entitled to [an] assumption of truth," *id.* at 679, and the court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted). However, "the Supreme Court has made clear that . . . there is no requirement 'that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Jean-Pierre v. BOP*, 880 F. Supp. 2d 95, 100 (D.D.C. 2012) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Although a pro se complaint is generally entitled to liberal construction, *see Washington v. Geren*, 675 F. Supp. 2d 26, 31 (D.D.C. 2009), the assumption of truth does not apply to a "legal conclusion couched as a factual allegation," *Iqbal*, 556 U.S. at 678 (quotation marks omitted). An "unadorned, the defendant-unlawfully-harmed-me accusation" is not credited; likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action or claim when the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion for dismissal under Rule 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Federal district courts are courts of limited jurisdiction, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, "the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." *Moran v. U.S. Capitol Police Bd.*, 820 F. Supp. 2d 48, 53 (D.D.C. 2011) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

"When ruling on a Rule 12(b)(1) motion, the court must treat the plaintiff's factual allegations as true and afford the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Jeong Seon Han v. Lynch*, 223 F. Supp. 3d 95, 103 (D.D.C. 2016) (internal

4

quotation marks omitted). Those factual allegations, however, receive "closer scrutiny" than they would in the Rule 12(b)(6) context. *Id.* Also, unlike when evaluating a Rule 12(b)(6) motion, a court may consider documents outside the pleadings to evaluate whether it has jurisdiction. *See Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). If the court determines that it lacks jurisdiction, the court must dismiss the claim or action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

### III. ANALYSIS

#### A. The United States's Motion to Substitute and Motion to Dismiss

The United States moves to substitute itself as a defendant in place of O'Donovan, who allegedly denied Smith the surgery he requested, and in turn to dismiss the complaint for lack of subject matter jurisdiction. The Court will grant each motion.

First, the United States may substitute itself as a defendant under the Public Health Service Act (PHSA), 42 U.S.C. § 233. The PHSA allows the Secretary of Health and Human Services to deem employees of a "public or non-profit private entity receiving Federal funds" under 42 U.S.C. § 254b to be "employee[s] of the Public Health Service." *Id.* § 233(g)(1)(A), (g)(4); *see Afolabi-Brown v. Coombs*, 2019 WL 1331039, at *3 (D.D.C. Mar. 25, 2019). For all claims against such employees arising from the "performance of medical . . . functions . . . while acting within the scope of [their] office or employment," the "exclusive" remedy is against the United States. 42 U.S.C. § 233(a), (g)(1)(A). Here, the Secretary has deemed Unity and its employees to be Public Health Service employees during the relevant time period, *see* Torres Decl. ¶ 5 & Ex. 1, Dkt. 30-2, and O'Donovan was an employee of Unity during the events at issue, *see id.* ¶ 6. The Court also concludes, based on the allegations in the complaint that O'Donovan performed medical services in her capacity as a Unity employee, *see* Compl. Attach. at 1, Dkt. 1-

5

1, and based on the government's certification, Dkt. 30-3; *see also Council on Am.-Islamic Relations v. Ballenger*, 444 F.3d 659, 662 (D.C. Cir. 2006) (certification is "*prima facie* evidence that the employee was acting within the scope of his employment"), that O'Donovan is covered by the PHSA. The Court will thus grant the motion to substitute.

Second, the claims, once construed to be brought against the United States, must be dismissed for lack of subject matter jurisdiction. Sovereign immunity bars civil actions against the United States unless its immunity is waived. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). Section 1983, under which Smith raises his constitutional claims, does not waive that immunity. *See Bourdon v. Mabus*, 813 F. Supp. 2d 200, 209–10 (D.D.C. 2011). And to the extent Smith seeks to bring a tort claim for medical malpractice, the Federal Tort Claims Act bars the claim because it has not been administratively exhausted. 28 U.S.C. § 2675(a); *see Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997) (exhaustion requirement is jurisdictional). The government has provided a sworn declaration that no administrative claim has been filed, *see* Torres Decl. ¶ 4, and Smith has provided no evidence to the contrary.[2] The Court will accordingly dismiss all claims against the United States for lack of subject matter jurisdiction.

### B. Bowser's Motion to Dismiss

Bowser also moves to dismiss the claims made against her in her official capacity. Construing the complaint liberally, the Court will treat Smith as raising claims against the District

---

[2] In an unsworn affidavit, Smith responds that he had instructed a friend to mail a letter stating his "intent to sue" to the Department of Health and Human Services at the address of: "Switzerland Building, Washington, D.C." Dkt. 46 at 1. This does not appear to be a valid address for the Department, and while Smith's affidavit notes that his friend followed up with confirmation that Smith's letter "to the [D.C.] Mayor's Office had been delivered," Smith mentions no such confirmation with respect to his alleged letter to the Department. *Id.* at 2. In any event, even if such a mailing occurred, nothing in the record suggests that an administrative claim was properly presented, let alone fully exhausted, in administrative proceedings.

of Columbia. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no . . . need to bring official-capacity actions against local government officials, for . . . local government units can be sued directly for damages and injunctive or declaratory relief."); *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) ("A section 1983 suit for damages against municipal officials in their official capacities is . . . equivalent to a suit against the municipality itself.").[3]

The Court is able to discern three possible claims against the District of Columbia from the complaint. First, Smith expressly alleges a violation of the Americans with Disabilities Act (ADA), though he does not specify how the ADA was violated and instead suggests that it was through "deliberate [i]ndifference to medical needs." Compl. at 3. Second, the Court will liberally construe the complaint to raise an Eighth Amendment deliberate indifference claim under § 1983. *See Estelle v. Gamble*, 429 U.S. 97 (1976). And third, the Court will, again construing the complaint liberally, infer a First Amendment retaliation claim under § 1983. *See Toolasprashad v. BOP*, 286 F.3d 576, 584–85 (D.C. Cir. 2002).

Smith provides no factual support for an ADA claim in his complaint. The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. But Smith never alleges that he was deprived of access to a benefit or otherwise discriminated against because of an alleged disability. Instead, he bases his claims solely on an alleged failure to treat his medical conditions, without any reference to participation in prison programs or services. Standing alone, that is not a sufficient basis for an ADA claim. *See Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)

---

[3] Other than an allegation that Smith wrote a letter to the Mayor, *see* Compl. Attachment at 1, Dkt. 1-1, Smith alleges no personal involvement of Mayor Bowser other than in her capacity as a policymaker overseeing the District of Columbia Department of Corrections.

7

("[T]he [ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners."); *Nasious v. Colorado*, 495 F. App'x 899, 902 (10th Cir. 2012) (same). The ADA claim will thus be dismissed.

The Court will also dismiss the Eighth Amendment claim because, even assuming that there was deliberate indifference to his medical needs, Smith has not alleged a "policy or custom" that resulted in the alleged constitutional injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1987); *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989) (noting that "a municipality can be liable under § 1983 only where its policies are the moving force behind the constitutional violation" (internal quotation marks and alteration omitted)). To survive a motion to dismiss, a complaint "must include some factual basis for the allegation of a municipal policy or custom." *Atchinson*, 73 F.3d at 422. Here, the closest Smith comes to alleging a policy or custom for which the District could be liable under *Monell* is that the District provided insufficient funding for medical services to prisoners in its custody. *See* Compl. at 4. But even taking that assertion as nonconclusory, *see Iqbal*, 556 U.S. at 678, Smith alleges neither a "custom" of constitutional violations that policymakers "knowing[ly] fail[ed] to act" on, nor facts showing that the government was on notice of medical mistreatment—*i.e.*, that it "knew or should have known of the risk of constitutional violations." *Baker v. District of Columbia*, 326 F.3d 1302, 1307 (D.C. Cir. 2003).

As for Smith's First Amendment retaliation claim, the complaint is devoid of any allegations of a policy or custom, instead alleging misconduct by "two [r]ogue, duplicitous, [r]enegade" officers. Mot. to Amend at 4. Although the Court construes the pro se complaint liberally, a pro se complaint must still "plead 'factual matter' that permits the [C]ourt to infer 'more than the mere possibility of misconduct.'" *Atherton*, 567 F.3d at 681–82 (quoting *Iqbal*, 556 U.S.

8

at 678–79). The Court will accordingly dismiss the First Amendment claim as well, and so all claims against Bowser.[4]

### C. Outlaw's Motion to Dismiss

Outlaw next moves to dismiss all claims against her. The Court will grant the motion because it is unable to identify any claims against Outlaw fairly raised by the complaint, even when construed liberally. Other than naming Outlaw as a defendant, the complaint does not make any factual allegations regarding Outlaw's behavior, describe her role in the alleged misconduct, or even mention her name. *See generally* Dkts 1, 15, 23. The only additional reference to Outlaw in Smith's filings, beyond her enumeration as a defendant, is that her signature appears on two grievance forms Smith filed, in which Outlaw notes certain information given by Smith's medical providers. Compl. Exs. 15–16. But Smith has failed to plead any facts specific to Outlaw's conduct that could give rise to liability, so the Court will dismiss the complaint as against her.[5]

---

[4] The docket reflects that the Executive Office of Risk Management (EORM) is a defendant in this case. It is not entirely clear from the complaint whether this office was meant to be sued as an independent party, since it is not listed separately in the complaint but rather in the address field for Mayor Bowser. *See* Compl. at 2. Although the EORM has not made a separate appearance in this case, the Court will construe Bowser's motion to dismiss as covering all claims against the EORM as well. For the foregoing reasons, Smith cannot state a claim against the District of Columbia, so the Court will dismiss all claims against the EORM.

Bowser also argues that Smith has failed to plausibly allege deliberate indifference, pointing to medical records—showing that Smith received the surgeries he requested—of which Bowser asks the Court to take judicial notice. *See* Bowser Mot. to Dismiss at 7–8. Similarly, Bowser argues that Smith fails to plead facts sufficient to show First Amendment retaliation. *See id.* at 9–10. The Court need not reach these issues.

[5] In his opposition to the motions to dismiss, Smith appears to raise for the first time a host of allegations against Outlaw. The Court has liberally construed several additional docket filings as amendments to the complaint, *see supra* note 1, but this "leeway . . . has limits and does not relieve even *pro se* litigants of the obligation to allege facts sufficient to put the opposing party on notice of what claim the *pro se* litigant intends to pursue. . . . [A] party may not amend his complaint through an opposition brief." *Dufur v. U.S. Parole Comm'n*, 314 F. Supp. 3d 10, 23 (D.D.C. 2018) (citations and internal quotation marks omitted). If Smith wishes to bring new allegations against Outlaw, the Court notes that its dismissal is without prejudice and that Smith can file an amended

9

**D.     Smith's Motions**

Finally, Smith moves for injunctive relief to receive certain surgeries, medications, and orthopedic shoes. *See* Dkts. 16, 17, 18, 23. Specifically, Smith "request[s] that the court order the District of Columbia Department of Correction to provide the same or equal medical care that [he] would receive in the community, while [he is] under the care, custody, and control of the D.C. Department of Correction." Compl. at 5. These motions are moot because Smith has been transferred and is no longer in the custody of the D.C. Department of Correction. *See* Letter, Dkt. 28 (transfer to Nevada Southern Detention Center); Notice of Change of Address, Dkt. 40 (transfer to United States Penitentiary in Tucson, Arizona); *see also Scott v. District of Columbia*, 139 F.3d 940, 941 (D.C. Cir. 1998). The Court will thus deny these motions as moot.

## CONCLUSION

For the foregoing reasons, the Court (1) grants the United States's motion to substitute itself as a defendant and motion to dismiss and dismisses all claims against it, (2) grants Bowser's motion to dismiss and dismisses all claims against Bowser and the Executive Office of Risk Management, (3) grants Outlaw's motion to dismiss and dismisses all claims against her, and (4)

---

complaint—in a single submission, containing all factual allegations Smith wishes the Court to consider—as instructed in the attached order.

Further, Outlaw also moves to dismiss for lack of jurisdiction to the extent the Court construes the complaint as raising a claim for medical malpractice against her. Outlaw Mot. to Dismiss at 6–7. The Court is unable to discern such a claim against Outlaw—because Outlaw's conduct is not mentioned in the complaint—and thus will not reach this issue.

10

denies all of the plaintiff's motions as moot.[6] A separate order consistent with this decision accompanies this memorandum opinion.

 

                                                                  */s/ Dabney L. Friedrich*
                                                     DABNEY L. FRIEDRICH
                                                     United States District Judge

September 30, 2022

---

[6] One defendant, Lennard Johnson, remains in this case and has not been served. *See* Summons Returned Unexecuted, Dkt. 35. A separate minute order will direct the plaintiff to provide a current address for this defendant.