Leave to file GRANTED; the plaintiff's motion is DENIED for the same reasons stated in the Court's Minute Order of May 30, 2023. The case cited by the plaintiff, *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309 (2d Cir. 1986), is inapposite. There, the defect in service was attributable solely to the U.S. Marshal's delay and "through no fault of the [plaintiff]." *Id.* at 311. Signed by Judge Dabney L. Friedrich on June 2, 2023. (lcdlf3)



United States District Court For The District of Columbia

Joseph Smith
    v.                                  Case No. 1:21-cv-00878-DLF
Muriel Bowser et al

**RECEIVED Mail Room — MAY 31 2023 — Angela D. Caesar, Clerk of Court, U.S. District Court, District of Columbia**

To Clerk of Court

Motion Requesting That The Court Order The U.S. Marshal's Service to Effectively Serve Lennard Johnson.

Federal Rule of Civil Procedure 4(c)(2)(B)(i) provides that a party proceeding in forma pauperis is entitled to service by the U.S. Marshal. 1 In this case, since I am proceeding in forma pauperis, I am depending upon the Marshal's Service to effectively serve Lennard Johnson former Warden. Rule 4(c)(2)(C)(ii) permits service by mail, but dictates that personal service be utilized if no acknowledgement of service by mail is received within twenty days after the date of mailing. The initial issue presented before this court is the extent to which a plaintiff proceeding in forma pauperis may rely upon the U.S. Marshal's Service to effect proper service of process on a defendant.

(1987 U.S. App. Lexis 5) Thus far, only the Second Circuit has addressed the above issue. Romandette v. Weetabix, 807 F.2d 309 (2d Cir. 1986). In Romandette, the defendant, while receiving actual notice of plaintiff's

(1)

suit, asserted the affirmative defense of improper service in accordance with state law. The district court rejected the defendant's affirmative defense of improper service reasoning that it would not be in the interest of justice to penalize the plaintiff for his reliance on the actions of the U.S. Marshal's Service, especially in light of the fact that the defendant was not prejudiced. After the case was reassigned to another district court, the defendant moved to dismiss on the grounds that personal service had never been effected. The district court, to which the case had now been reassigned, granted the defendant's motion.

The Second Circuit held that the dismissal was an abuse of discretion, recognizing that the plaintiff had done everything he could to effect personal service through the Marshal's Service. The court held that:

As an incarcerated pro se litigant proceeding in forma pauperis, [the plaintiff] was entitled to rely upon service by the [1987 U.S. App. LEXIS] U.S. Marshals. He indicated to the court his reliance on service by the Marshals and he timely requested that the Marshals effect personal service.... Moreover, the interests of justice, informed by a liberal interpretation of Rule 4, are best served by allowing this litigant to rely upon the personal service, albeit untimely, ultimately effected by the Marshal Service. Id. at 311.

In accord with the reasoning of the Second Circuit in Romandette, we hold [828 F.2d 1110] that a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshals Service to properly effect service of process, where such failure

(2)

is through no fault of the litigant. Thus, the inquiry in the instant case now becomes whether the failure of the Marshal's service to properly serve Lennard Johnson was due to any dilatoriness or fault on the part of Rochon. Rochon initially listed American Legion Hospital as the address where Dr. Dawson could be served.

I am requesting that the Marshal's Service properly serve, Lennard Johnson personal. Incarcerated plaintiffs proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiffs should not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge. I have not been able to accomplish further information on Lennard Johnson. At the time I filed this Complaint Lennard Johnson was employed with District of Columbia Department of Corrections. I also did and require to D.C. Dept. of Corrections for more information but no response

Joseph Smith

Joseph Smith

May 16, 2023